## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

TRACY L. TURNER,                          *
                                          *
            Plaintiff,                    *
v.                                        *        No. 3:25-cv-00170-JJV
                                          *
FRANK BISIGNANO,                          *
Commissioner of the                       *
Social Security Administration,           *
                                          *
            Defendant.                    *

## MEMORANDUM AND ORDER

Plaintiff, Tammy Turner, appeals the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits. Both parties have submitted briefs, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the record in this matter, I find the Commissioner's decision is supported by substantial evidence and this matter should be DISMISSED.

Plaintiff was fifty-two years old at the time of the administrative hearing. (Tr. 38.) She has at least a high school education, (Tr. 24), and has past relevant work as an administrative clerk. (Tr. 23.)

The Administrative Law Judge (ALJ)[1] first found Plaintiff had not engaged in substantial gainful activity since July 21, 2021 – the alleged onset date. (Tr. 15.) He next determined Ms. Turner had "severe" impairments in the form of "chronic obstructive pulmonary disease (COPD); non-ST elevated myocardial infarction (non-STEMI); pulmonary edema; hypertension; degenerative disc disease of the spine; obesity; agoraphobia; generalized anxiety disorder (GAD); and mood disorder." (*Id.*) However, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17-20.)

The ALJ assessed that Ms. Turner had the residual functional capacity ("RFC") to perform a reduced range of light work. (Tr. 20.) After taking testimony from a vocational expert, the ALJ found that Plaintiff was unable to perform her past relevant work. With the assistance of the vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments, (Tr. 63-67), the ALJ concluded Plaintiff could perform the jobs of marker, mail clerk, office helper, and cafeteria attendant. (Tr. 24.) Accordingly, the ALJ determined Ms. Turner was not disabled. (Tr. 25.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 220 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Turner argues that the ALJ failed to properly assess both the opinions of the consultative examiner and her treating therapist, Julie Cox, LPC.  (Doc. No. 8 at 49-54.)  About the consultative examiner, she argues:

> The consultative examiner's opinion, if credible, that Turner has moderate limitation in walking due to shortness of breath combined with additional limitation in walking due to pain would likely preclude light work. The examiner's opinion regarding Turner's pain is supported by his clinical examination, which found limited ROM in Turner's knees, decreased ROM in the lumbar spine, and a positive straight leg test. The examiner's opinion regarding Turner's shortness of breath is consistent with other medical evidence showing that Turner has been treated for COPD with shortness of breath, which the ALJ found was a severe impairment.

(*Id.* at 51.)

While she makes a fair argument, I disagree with Plaintiff's assessment of the evidence here.  Ultimately the examining physician found "mild limitation" with lifting, carrying, and walking, due to pain.  (Tr. 1297.)  The doctor's main limitations were based on shortness of breath. (*Id.*)

Regarding her shortness of breath, it is impossible to address this claim without addressing her significant habit of smoking cigarettes.  Plaintiff is a prolific smoker – having smoked 1-2 packs a day, starting at age 17.  (Tr. 738.)  Yet she seeks disability for issues that clearly are related and exacerbated by her terrible habit of smoking.  The record is replete with evidence that her doctors consistently counseled her to quit – *to no avail*.  As the ALJ stated, "The claimant has COPD and has had exacerbations periodically. She was counseled about smoking cessation multiple times as her smoking resulted in exacerbations. She testified that her inhaler helps reduce her symptoms significantly. She has not been hospitalized since March 2022 when she developed pneumonia with respiratory failure related to her COPD and tobacco abuse." (Tr. 21.)   While I commend her for enrolling in a smoking cessation program and she testified she had recently

3

stopped smoking, (Tr. 45), she simply has not been compliant with her doctors' advice regarding smoking.  And it is well settled that failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits.  *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

More importantly, none of her treating doctors noted anything physically disabling on examination.  (Tr. 518, 529, 548, 542, 547, 551, 554, 557, 589, 609, 636-37, 644, 667, 677, 711, 728, 739-40, 1573-74, 1578, 1580, 1587, 1663, 1665, 1672, 1719, 2446-47, 2455, 2470, 2477-78, 2510-11, 2519.)  In addition, state agency doctors, Philip Matar, M.D, and Jim Takach, M.D., found Plaintiff could perform light work activities.  (Tr. 74-76, 86-87.)  While these doctors did not perform examinations of Plaintiff, their conclusions are well supported by the evidence of record.  These opinions on their own – if supported – could amount to substantial evidence.  And here, the ALJ concluded these opinions were "consistent with the evidence in the record revealing a prior cervical fusion surgery and other impairments that limit her, but evidence of activities consistent with a range of light exertional activity."

Plaintiff also challenges the ALJ's assessment of the opinion of her treating therapist, Julie Cox, LPC.  Ms. Cox provided a Medical Source Statement – Mental whereby she found Ms. Turner was extremely limited by her mental impairments. (Tr. 2005-07.)  Ms. Cox concluded that Plaintiff "has great difficulty carrying out basic daily tasks without feeling overwhelmed or anxious [and] has depressed mood more days than not [and] has great difficulty functioning socially and this often results in panic episodes."  (Tr. 2007.)

Plaintiff says the ALJ gave short shrift to this opinion  when he only found it "inconsistent with other evidence of record and unpersuasive."  (Tr. 23.)  Plaintiff argues, "The ALJ's error is not found in what he included, but rather in what he omitted. The ALJ considered the consistency

4

factor, but not the supportability factor. The record is replete with years of Cox' treatment notes. The ALJ made no effort to consider whether that evidence supports Cox's opinion."

I have carefully considered Plaintiff's argument as she clearly suffers from limitation due to mental illness. But I find the ALJ adequately complied with the regulations. The ALJ's decision refers to his "Finding #4" which goes into much greater detail and provides adequate consistency and supportability factors. Most significantly, the ALJ focused on Plaintiff's ability to function rather than her diagnoses. (Tr. 18-19.) A mental disturbance is not per se disabling; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Ms. Cox's own treatment notes fail to support her conclusions that Plaintiff has marked or severe limitations. Rarely, if ever, did Ms. Cox note anything that could be considered *marked* or *extreme* when examining Plaintiff. (Tr. 763, 769, 774, 783-84, 787-88, 790-91, 797-98, 799-802, 804-05, 815-16, 819-20, 823, 827-28, 829, 831-32, 833-34, 836-37, 840-41, 842-43, 844, 852, 854-55, 856-57, 859-60, 862-64, 866-69, 870-71, 872-73, 875-76, 879-80, 881-82.) Therefore, I find no merit to Plaintiff's argument.

For the same reason, I find Plaintiff's argument regarding absenteeism is without merit. (Doc. No. 8 at 54-57.) I agree with the Commissioner that Plaintiff could arrange her medical appointments around her work schedule and has provided no credible evidence that she would need to miss a full working day to attend her appointments. (Doc. No. 12 at 9-10.)

I do recognize Ms. Turner has some limitations in her ability to perform work-related activities. However, after close scrutiny of the ALJ's decision and the medical evidence in this case, I conclude that the ALJ's conclusion that Ms. Turner can perform a reduced range of light work meets the "substantial evidence" test.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The overall record here fails to support Plaintiff's allegation of complete disability.

As always, Plaintiff's counsel has done exemplary work on behalf of Ms. Turner who clearly has both mental and physical limitations that impact her life. But the evidence provides substantial support for the ALJ's determination that Ms. Turner is not disabled.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 31st day of March 2026.

_____
JOE J. VOLPE